UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  CV 10-4274-CJC (OP)                Date: September 2, 2010

Title: Anthony Hamlet v. The State of California, et al.

---

PRESENT: THE HONORABLE   OSWALD PARADA         ☐ U.S. DISTRICT JUDGE
                                                ☒ MAGISTRATE JUDGE

Maynor Galvez                N/A                              N/A
Deputy Clerk       Court Reporter / Recorder            Tape No.

**ATTORNEYS PRESENT FOR PETITIONER:**          **ATTORNEYS PRESENT FOR RESPONDENT:**
         NONE                                             NONE

**PROCEEDINGS:** (IN CHAMBERS: ORDER TO SHOW CAUSE)

On June 10, 2010, Anthony Hamlet ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner has named as Respondents the State of California, the States Governor's Office, the State Attorney General, the Ventura County Superior Court and District Attorney, the California Department of Corrections and rehabilitation ("CDCR"), and the Board of Prison Terms ("BPT"). (Pet. at 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court examined the Petition and found that it plainly appeared from its face that Petitioner was not entitled to relief in the district court. Although unclear from a review of the Petition, it appeared that Petitioner was seeking to obtain a certificate of rehabilitation the request for which he claims was denied in 1990, or that he be discharged from parole. (Pet. at 1.) However, because the Petition was unclear, the Court was unable to determine: (1) what the relevant procedural history was; (2) what exactly Petitioner was attempting to address in his Petition; (3) what relief he was seeking; (4) what grounds for relief he was alleging; or (5) whether Petitioner was attempting to challenge a state court judgment or the denial of parole. Accordingly, on June 30, 2010, the Court dismissed the Petition with leave to amend. (Dkt. No. 3.) A copy of the order was mailed to Petitioner at the address listed on the Court's docket, i.e, 701 Scofield Avenue, Wasco, CA 93280-9900. On July, 15, 2010, the order was returned to the Court with the notation "paroled." (Dkt. No. 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

**Case No.**  CV 10-4274-CJC (OP)              **Date:** September 2, 2010

**Title:** Anthony Hamlet v. The State of California, et al.

Page 2

Local Rule 41-6 of this Court provides as follows:  "A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

Petitioner has failed to comply with Local Rule 41-6 by failing to notify the Court of his current address.  To date, the Court is unaware of Petitioner's current address.  Accordingly, Petitioner is ordered to show cause no later than September 24, 2010, why this case should not be dismissed for failure to prosecute.  The filing of Petitioner's current contact information in compliance with Local Rule 41-6 on or before September 24, 2010, shall be deemed compliance with this Order to Show Cause.  Petitioner's failure to do so by the date indicated shall result in the Court recommending that this action be dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

cc: All Parties of Record

Initials of Deputy Clerk     mg